UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:17-CV-23041-JLK

KOOK C. DO,

    Plaintiff,

v.

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION
## FOR PARTIAL SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Defendant Geico General Insurance Company's ("Geico") Motion for Partial Summary Judgment (DE 8), filed December 7, 2018.[1]

## I. BACKGROUND

This Florida statutory bad faith action arises out of Plaintiff Kook C. Do's leased 2005 silver Audi A8, reported stolen from Miami Beach, Florida on May 21, 2007 (DE 7-2), and found that same day submerged in a canal in a restricted area of the Loxahatchee National Wildlife Refuge in Palm Beach County, where two men, Marcos Franca and Douglas Capisch, were arrested at the scene (*see* DE 7-5, at 1–2).[2] On October 18, 2007, Plaintiff brought suit against Geico in state court claiming comprehensive coverage for the car (DE 1-1, at 5, ¶ 24). On September 25, 2008, Geico paid $44,262.18 to the vehicle lienholder (*see id.* at 5, ¶ 29),

---

[1] Plaintiff filed a Response in Opposition (DE 12) on January 8, 2019; Geico filed a Reply (DE 16) on January 21, 2019. Accordingly, this matter is ripe for disposition.

[2] Plaintiff maintains that the car "was stolen while parked in a public parking lot in Miami Beach, Florida in the vicinity of the 900th block of Convention Center Drive" (DE 11-1, at 1), and that the car was "partially stripped as a result of the theft" (*id.* at 2).

prompting Plaintiff to move for payment of attorneys' fees and costs on the theory that Geico's payment to the vehicle lienholder was a "confession of judgment" under Florida law (DE 1-1, at 5, ¶ 32). On February 26, 2014, "after full briefing and oral arguments" (*id.* at 9, ¶ 77), the Florida Third District Court of Appeal reversed the trial court and found that Geico's payment was a confession of judgment, where "the sole fact that the claim was paid, without more, constitutes a settlement or judgment within the meaning of [the statute]," rejecting Geico's argument that the $44,262.18 payment was to "purchase" the Audi for evidence, and remanded for determination of fees and costs. *Do v. GEICO Gen. Ins. Co.*, 137 So. 3d 1039, 1043–45 (Fla. 3d Dist. Ct. App. 2014) (DE 11-2). On November 6, 2015, the trial court ordered that Plaintiff was entitled to $187,475.60 in fees and costs (DE 7-16, at 13).

In late 2016, Plaintiff brought the instant action against Geico in state court (*see* DE 1-1, at 2), and Geico removed it to this Court on August 10, 2017 (*see* DE 1). In his Complaint for Statutory Bad Faith Damages (DE 1-1, at 3–16), Plaintiff alleges that, throughout the underlying proceedings, Geico's conduct violated Fla. Stat. § 624.155(1)(b)(1) ("[n]ot attempting in good faith to settle claims when . . . it could and should have done so"); *id.* § 626.9541(1)(i)(3)(d) ("[d]enying claims without conducting reasonable investigations based on available information"); *id.* § 626.9541(1)(i)(3)(e) ("[f]ailing to affirm or deny full or partial coverage of claims"); *id.* § 626.9541(1)(i)(3)(f) ("[f]ailing to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy . . . for denial of a claim or for the offer of a compromise settlement"); *id.* § 626.9541(1)(i)(3)(b) ("[m]isrepresenting pertinent facts or insurance policy provisions"); and *id.* § 626.9541(1)(i)(2) (material misrepresentation "with the intent of effecting settlement . . . on less favorable terms") (*id.* at 10–13).

As a condition precedent to bringing an action pursuant to Fla. Stat. § 624.155 (which incorporates all six of Plaintiff's claims here[3]), an insured must first serve on the insurer and file a Civil Remedy Notice ("CRN") describing the violation in detail, and the insurer must then fail to cure the properly noticed violation with 60 days. *See* Fla. Stat. § 624.155(3)(a), (b), (d). Plaintiff's Complaint alleges that Plaintiff served on Geico and filed four CRNs asserting that Geico's conduct violated various bad faith provisions of Florida law: (1) the first on or about July 23, 2007 prior to Plaintiff's initial suit; (2) the second on March 11, 2009 while Geico was opposing Plaintiff's motion for attorneys' fees and costs; (3) the third on December 22, 2011 after Plaintiff's first appeal was dismissed as premature where Geico had pending counterclaims and third-party claims that Plaintiff now alleges it never prosecuted; and (4) the fourth on February 11, 2015 after Plaintiff had successfully appealed and Plaintiff alleges Geico still "took actions intended to delay the determination of [his] fees and costs" (DE 1-1, at 4–9).

Geico's instant Motion for Partial Summary Judgment (filed months before the Court's deadline for all motions of May 13, 2019 (DE 4)) argues that Plaintiff's second, third, and fourth CRNs are "invalid as a matter of law" where (a) they do not relate to the payment of contractual benefits owed under the policy, but only to the payment of attorneys' fees and costs; (b) Geico's payment of the full amount owed on the claim extinguished the plaintiff's rights to file a bad faith action; and (c) they were filed to "coerce[] Geico to abandon its legal defenses and positions in the underlying action" (*see* DE 8, at 8–11).

---

[3] Fla. Stat. § 624.155 expressly encompasses a plaintiff bringing a civil action against an insurer for violations of Fla. Stat. § 626.9541(1)(i). Fla. Stat. § 624.155(1)(a)(1).

3

## II. DISCUSSION

### A. Legal Standard on Summary Judgment

Summary judgment is appropriate where there is "no *genuine* issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (emphasis added); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is genuine if a reasonable jury could return a verdict for the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). A fact is material if it may affect the outcome of the case under the applicable substantive law. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). If a reasonable fact finder could draw more than one inference from the facts, creating a genuine issue of material fact, summary judgment should not be granted. *Samples ex rel. Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988). The moving party has the burden of establishing both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986).

### B. Geico's Legal Arguments that Plaintiff's Second, Third, and Fourth CRNs Are Invalid Are Sufficiently Supported

#### 1. Bad Faith Action to Recover Extra-Contractual Damages

Geico argues that *Talat Enters. v. Aetna Cas. & Sur. Co.*, 753 So. 2d 1278 (Fla. 2000) "and its progeny" render invalid Plaintiff's Second, Third, and Fourth CRNs, where *Talat* holds that Florida's bad faith statute does not require payment of extra-contractual damages (*see* DE 8, at 5–6, 8–9). *Talat*, 753 So. 2d at 1282–83 (stating that the CRN provision of Fla Stat. § 624.155(3)(d) "cannot reasonably be construed to require payment of extra-contractual damages

4

to avoid litigation");[4] *see also Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1275 (Fla. 2000) (stating that the notice provision of Fla. Stat. § 624.155 obligates an insurer, "if payment is owed on the [insurance] contract, to cure the claimed bad faith by paying the benefits owed on the contract"); *Galante v. USAA Cas. Ins. Co.*, 895 So. 2d 1189, 1190–91 (Fla. 4th Dist. Ct. App. 2005) (stating that the CRN cure period was designed to "encourage payment of the underlying claim, and avoid unnecessary bad faith litigation" and that "[t]he cure in a first-party insurance claim is *payment of the contractual amount due* the insured" (emphasis added)). Plaintiff distinguishes *Talat* by noting that the plaintiff there sought the advance payment of attorney's fees for work on a bad faith suit, along with punitive damages (*see* DE 12, at 4–5). However, because the Florida Third District Court of Appeal found Geico's $44,262.18 in the underlying action to be payment of the claim, *see Do v. GEICO Gen. Ins. Co.*, 137 So. 3d 1039, 1044 (Fla. 3d Dist. Ct. App. 2014), the Court concludes that Plaintiff's subsequent litigation for attorney's fees indeed sought to recover what the Florida Supreme Court in *Talat* referred to as "extra-contractual damages," and is therefore inappropriate to give rise to a bad faith suit pursuant to Fla. Stat. § 624.155. *Talat*, 753 So. 2d at 1282–83. By extension, the Court finds that Plaintiff's Second, Third, and Fourth CRNs are invalid as a matter of law insofar as they were used to compel payment of extra-contractual damages.

The cases Plaintiff cites in opposition do not adequately counter Geico's stance. The *Orlando Candy Co.* line of cases date from 1931, decades before the enactment of Florida's civil remedy statute, Fla. Stat. § 624.155. *Orlando Candy Co. v. N.H. Fire Ins. Co. of Manchester*, 51 F.22d 392, 393 (S.D. Fla. 1931) (Strum, J.); *Pendas v. Equitable Life Assurance Soc'y of U.S.*,

---

[4] The bad faith suit in *Talat* arose out of insurer's "settling a fire-damage claim made under a commercial property insurance policy." *Talat*, 753 So. 2d at 1281.

129 Fla. 253 (Fla. 1937); *Old Republic Ins. Co. v. Monsees*, 188 So. 2d 893 (Fla. 4th Dist. Ct. App. 1966). Plaintiff's quote from *Palmer* is inapposite because that case simply dealt with the insured's entitlement to attorney's fees where the insurer paid the claim prior to an order of final judgment, and did not involve a CRN or bad faith claim. *See Cincinnati Ins. Co. v. Palmer*, 297 So. 2d 96, 99 (Fla. 4th Dist. Ct. App. 1974). Similarly, Plaintiff's quote from *Palma* that "if an insurer loses such a suit but contests the insured's entitlement to attorney's fees, this is still a claim under the policy" does not in any way address Fla. Stat. § 624.155, but only the attorney's fees provision, Fla. Stat. § 627.428. *See Palma v. State Farm*, 629 So. 2d 830, 832 (Fla. 1993). Therefore, Geico is correct that "Plaintiff provides no example[] . . . [in which a] Florida court[] [has] found a CRN based on nonpayment of statutory attorney's fees to be valid" (DE 16, at 8).

### 2. Payment of Contractual Amount Extinguishing Right to File CRNs

In addition, Geico argues that because its payment to the vehicle lienholder on September 25, 2008 was payment of the amount owed under the express terms of the policy, the payment extinguished Plaintiff's right to file his subsequent CRNs altogether (*see* DE 8, at 11–12).[5] In support, Geico cites *Rodante v. Fidelity Nat'l Ins. Co.*, 725 So. 2d 1151 (Fla. 2d Dist Ct. App. 1998); and *Galante*, 895 So. 2d 1189, which both dismissed bad faith actions based on CRNs filed after the insurer's cure by payment of the underlying claim. *See Rodante*, 725 So. 2d at 1152; *Galante*, 895 So. 2d at 1190–91; *see also Rodante*, 725 So. 2d at 1152 ("An insurer's payment to its insured of the limits of liability of PIP coverage prior to the filing of a section 624.155(2)(a) notice extinguishes any right of action for bad faith for the insurer's failure to pay PIP claims that the insured might claim."). Plaintiff argues in response that Geico's payment of

---

[5] The first CRN Plaintiff filed after Geico's September 25, 2008 payment of the claim was the March 11, 2009 "Second CRN" (DE 1-1, at 4).

the claim here did not cure many of the specific bad faith violations cited in Plaintiff's subsequent CRNs, such as violations pursuant to Fla. Stat. § 626.9541(1)(i)(3)(b) for misrepresenting pertinent facts or insurance policy provisions (DE 12, at 6; *see also* DE 1-1, at 26, 31). However, this is of no moment, where, as Geico clarifies, an insurer is not obligated to "pay [all] amount[s] purportedly owed under any statute or other authority to fulfill its contractual obligations" (DE 16, at 10). Therefore, Geico has met its burden here in establishing that its September 25, 2009 payment of the claim owed under the policy extinguished Plaintiff's right to subsequently file a CRN based on the policy.

In contrast, the only case Plaintiff cites in opposition to this point is *Paz v. Fidelity Nat'l Ins. Co.*, 712 So. 2d 807, 808 (Fla. 3d Dist. Ct. App. 1998). However, that decision is not relevant, where, as Geico summarizes, "the issue before the court [there] was simply whether an insurer's *agreement* to pay the claim prior to the expiration of the policy's 60-day cure period, rather than *actual payment*, was sufficient to effect a cure of the CRN" (DE 16, at 9).

### III. CONCLUSION

Geico's contention that Plaintiff's Second, Third, and Fourth Civil Remedy Notices are invalid as a matter of law is well supported by the authority it cites from the Florida Supreme Court, which Plaintiff fails to adequately counter. Therefore, Geico has met its burden in establishing it is entitled to judgment as a matter of law on that issue. Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that Geico's Motion for Partial Summary Judgment **(DE 8)** is hereby **GRANTED**.

**DONE** and **ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 25th day of January, 2019.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: **All Counsel of Record**